S. L. BURNETT V. STATE

No. 28,287. May 2, 1956.

Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 3, 1956.

*Bowlen Bond, Teague,* for appellant.

*Jimmie Morris,* County Attorney, Corsicana, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of whisky in a dry area for the purpose of sale; the punishment, one year in jail and a fine of $500.

Corsicana Police Officer Douglas Hightower testified that on October 18, 1955, he was following appellant's car and was some one hundred feet back when appellant made a left turn and stopped at the side of a hotel, around ten o'clock P.M.

Officer Hightower testified that he saw appellant get out of his car with a paper sack in his hand; saw him squat down in front of his car, then straighten up. As appellant stepped upon the curb, Officer Hightower called him but appellant kept walking away. When called the third time he stopped, came back and said "What do you want?"

Officer Hightower replied "If that sack in front of your car contains what I think it does, you are under arrest." As the officer reached for the paper sack and before he had opened it or had seen its contents, appellant said "Don't file on me for this Hightower; that's not mine; I didn't put it there. * * * You can have that whisky. Do anything you want to with it; I don't want it."

Officer Hightower testified that he then opened the sack and found that it contained six pints of Sunny Brook whisky with unbroken seals; that he told appellant "The sack contains what I presumed it contained, and you are under arrest. * * * Let's go."

Appellant said "No, I'm not going anywhere," and this was repeated again before the officer finally caught appellant by the arm and got him in the car. He placed the sack containing the whisky on the floor board.

As the officer was going around the car to get in, appellant fled with the sack of whisky, and when called upon to stop he threw it against the pavement. The officer had some difficulty in getting him back in the car.

Four of the six bottles were found to be broken, and the remaining two and the broken bottles were taken to the city hall.

The whisky and broken bottles were not offered on the trial, this evidence having disappeared from the city hall, apparently thrown in the trash by the janitor who was not aware of what was in the newspaper wrapped package he found under the sergeant's desk.

Appellant testified as a witness in his own behalf and denied that he possessed the whisky found in front of his car, or that he at any time touched it. It was his testimony that the sack fell out of the car when he opened the door.

Appellant testified that he had "delivered a little whisky" and "I did gambling some," but had stopped "any illicit traffic in any kind of beverages" before the occasion in question, and that since his arrest had been engaged in termite control and house leveling work.

It was stipulated that Navarro County was a dry area.

The jury resolved the fact issues against appellant's contention and we find the evidence sufficient to sustain the verdict.

The contention that the statements of appellant to the officer were inadmissible because he was under arrest is overruled. If not admissible as res gestae, the arrest was not effected until after the statements claimed to be inadmissible were made and the sack opened and found to contain six pints of whisky.

Appellant complains of the failure of the trial court to charge the jury on the law of circumstantial evidence, and his failure to define the term "possession."

Under the record we would not be warranted in reversing the conviction because of such omissions.

The judgment is affirmed.